---

(65 App. Div. 30.)

### In re PETIT'S ESTATE.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

INHERITANCE TAX—RETROACTIVE OPERATION.
> The personal estate of a nonresident decedent, who died before the inheritance tax law became operative, is not subject to the tax, notwithstanding that the property remained within the state until after that time.

Appeal from surrogate's court, New York county.

Proceeding to assess the inheritance tax against the estate of Mary N. Petit, deceased. From an order denying a motion to dismiss the proceedings and fixing the tax, the executors and the special guardian of two infant parties appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. H. Beers, for appellant.
Emmet R. Olcott, for respondent.

VAN BRUNT, P. J. This proceeding was begun upon the petition of the comptroller, verified October 3, 1896, upon which an order was entered dated November 4, 1896, appointing an appraiser, whose report was filed July 26, 1897. On December 9, 1897, the special guardian for two infant parties to the proceeding made a motion to dismiss the proceeding on the ground that the court had no jurisdiction thereof. Such proceedings were had that in February, 1900, the surrogate remitted the proceeding to the appraiser to take proof as to certain matters referred to in the order of remission. A second report was filed on March 10, 1900. Subsequently the surrogate made an order denying the motion to dismiss the proceeding and fixing the tax, and from this order the executors and special guardian appeal.

The facts pertinent to the present appeal are as follows: Mary N. Petit, a resident of New Jersey, died at East Orange on the 19th of March, 1892. She died seised of no real property in the state of New York, but left personal property valued at nearly

$1,000,000 in this state. Her will was admitted to probate in New Jersey, and no ancillary executors or administrators were ever appointed in the state of New York. Prior to May 1, 1892, $6,000 of coupons were removed from the state, and some of the remaining personal property was removed during June and July, 1892, and the remainder in October, 1896. This proceeding having been begun upon the petition of the comptroller of the city and county of New York on the 4th of October, 1896, an appraiser was appointed by the order of the surrogate's court. On the 24th of July, 1897, the appraiser rendered his report, reporting the value of the shares of the legatees under the will and the value of the securities appraised. Upon the coming in of this report, certain other proceedings were had, and the proceedings were remitted to the appraiser to ascertain what amount of assets were removed from this state prior to May 1, 1892, and what other assets remained after that date, and at what time such remaining assets were removed from this state. The appraiser accordingly reported as above. Upon this report an order was entered in the surrogate's court denying the motion to dismiss the proceedings, and determining and assessing the tax, and from this order the present appeal is taken.

The question which is presented upon this appeal is whether the fact that assets of this estate were not removed to New Jersey until after May 1, 1892, rendered them liable to taxation under the inheritance tax law, which became operative on that date. It had been held in Re Embury's Estate, 154 N. Y. 746, 49 N. E. 1096, which affirmed a decision of the appellate division of the supreme court upon the opinion below (19 App. Div. 214, 45 N. Y. Supp. 881), that, where the property had been removed from the state prior to the passage of the act of 1892, the surrogate was without jurisdiction to impose a tax upon the bank stock and deposits in bank in New York City belonging to the estate of a nonresident decedent, which the executors of his estate had removed from the state of New York in 1887, and had distributed. It is undoubtedly true that the court, in its opinion, stated that, if the property was still in this state, a different question would be presented. But it is difficult to conceive how the fact of nonremoval by the executors of a nonresident decedent of property belonging to the decedent from this state could make such property the subject of an inheritance tax which was imposed long after the transfer of the property had occurred. It is sought to maintain the right by subsequent legislation to tax the property of nonresident decedents remaining within the state upon the ground that it is not a tax upon the transfer of the property, as is the inheritance tax in relation to the property of a resident decedent, but that the imposition of the tax is based upon its dominion over the property situated within its territory. If this rule can obtain in respect to persons who have died prior to the passage of the act, then there is no limit to the power of the legislature to enact a retroactive inheritance tax upon the property which may have belonged to a nonresident who has died, and which has remained in the state, no mat-

ter how long anterior to the passage of the act such decease may have taken place. It is evident that no such retroactive legislation can be upheld or was intended. If the right of taxation because of decease does not exist at the time of death, it never can be thereafter imposed upon the ground of such death. If that would not be retroactive legislation, then it would be hard to define that term.

We are of the opinion that the surrogate was without jurisdiction to levy the tax, and that the motion below should have been granted. The order should, therefore, be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.